# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-247** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALLEN ROBERTS, JR.** | : | |

## MEMORANDUM

Presently before the court are two motions (Docs. 140, 159) and an application (Doc. 158) filed *pro se* by defendant Allen Roberts, Jr. ("Roberts"). In these motions, Roberts requests that the court subpoena seven individuals and numerous documents and notes produced by these individuals, for purposes of the suppression hearing set to commence on Friday, November 4, 2011, at 9:30 a.m. (See Doc. 156).

## I. Background

Roberts was criminally indicted by a federal grand jury on September 1, 2010 for a violation of 21 U.S.C. § 841(a)(1) stemming from an alleged controlled buy of crack cocaine on July 19, 2010. (Doc. 1). An arrest warrant issued the same day (Doc. 7), and Roberts was arrested the following day on September 2, 2010. Through suppression motions (see Docs. 43, 111, 112) Roberts, and former counsel on behalf of Roberts, allege numerous Fourth and Fifth Amendment violations which they believe warrant the suppression of evidence and statements obtained by law enforcement officials. Roberts' main allegations are: (1) that the search of Roberts' vehicle on the date of his arrest, September 2, 2010, violated the Fourth Amendment (Doc. 43); (2) that the video surveillance taken of the controlled buy,

forming the basis of the indictment against Roberts was obtained in violation of state and federal wiretap laws (Doc. 111, at 4; Doc. 157, at 1-4); (3) that the stop of Roberts' vehicle was unlawful and he was searched and arrested in violation of his rights (Doc. 112, at 1-2); (4) that he was not given his Miranda warnings (id. at 3); and (5) that his participation in a proffer interview on September 29, 2010, was not knowing and voluntary, but coerced by his then counsel Robert Daniels, Esquire. (Doc. 112, at 3-5).

Roberts filed his first motion to subpoena individuals and documents for the suppression hearing on September 19, 2011. (Doc. 140). The court ordered Roberts to provide a description of the testimony he expected to elicit from the witnesses he sought to subpoena and its relevance to the suppression hearing. (Doc. 151). In response, Roberts filed a description of the testimony (Doc. 159), which is docketed as a motion, and an ex parte application for issuance of subpoenas for witnesses, documents, evidence and surveillance. (Doc. 158). For the reasons that follow, the court will grant the motions in part and deny them in part.

## II.  Discussion

Pursuant to Federal Rule of Criminal Procedure 17, the court "must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." FED. R. CRIM. P. 17(b). The rule does not provide defendants an absolute right to have witnesses or evidence subpoenaed at government expense. The court

2

must find, in addition to financial inability to pay, that the requested witnesses are necessary for the defendant's defense. Id.

Roberts requests that the court subpoena the following seven individuals for the suppression hearing: (1) Special Agent William Cooke; (2) Detective Jason Paul; (3) Special Agent Keith Kierzowski; (4) Officer Karl Chortanoff; (5) Officer Gray Flyth, Jr.; (6) Officer Jason Turchetta; and (7) Officer Corey Dickerson. (Doc. 140, at 2). The government has informed the court that it will present testimony from Special Agent Kierzowski, and Officer Chortanoff. Roberts' request to subpoena these two individuals is therefore denied as moot. The court will address the request for the remaining five individuals and evidence.

### A. **Special Agent Cook**

Roberts requests that the court subpoena Special Agent Cooke on his behalf, asserting that Special Agent Cooke arrived at the Lower Paxton Police Department after being contacted by Special Agent Kierzowski subsequent to the arrest, and that Special Agent Cooke later conducted the proffer interview on September 29, 2010. (Doc. 159, at 3-4). The court will grant the request. Although Roberts does not allege any conduct by Special Agent Cook relevant to his claims of illegal search and seizure violations relating to the arrest, with respect to the proffer interview, the court finds that the testimony of Special Agent Cooke, is necessary to determine the voluntariness of Roberts proffer interview. The court will subpoena Special Agent Cooke for the suppression hearing.

### B. Detective Paul

Roberts avers that Detective Paul arrived at the scene of the arrest shortly after Roberts was arrested by Officer Chortanoff. Roberts contends that Detective Paul seized his vehicle and removed it from the arrest scene. (Doc. 159, at 2). Roberts also asserts that Detective Paul performed the video surveillance of the controlled buy for which Roberts was indicted. (Id.) The court will grant the request to subpoena Detective Paul. Detective Paul was involved in two activities challenged by Roberts through his suppression motions: the seizure of the vehicle and the video surveillance.

### C. Officer Flyth

Roberts seeks to subpoena Officer Flyth alleging that Officer Flyth prepared the inventory report of the items seized from Roberts' person and vehicle. (Doc. 159, at 3). The court will deny the request. The inventory report is irrelevant to whether the search and seizure of Roberts and his vehicle violated his Fourth Amendment rights.

### D. Officer Turchetta

Roberts requests that the court subpoena Officer Turchetta who was allegedly in charge of the drug evidence turned over by the confidential informant after the controlled buy on July 19, 2010 for which Roberts was indicted. (Doc. 159, at 4). Roberts contends that Officer Turchetta's testimony is relevant to the suppression matter "for a secure chain of custody of evidence." (Id.) The court will deny the request. The chain of custody of the drugs turned over to law enforcement

officials on July 19, 2010, is immaterial to the suppression issues raised by Roberts. Chain of custody is a foundation issue for trial relevant to the sufficiency of the evidence. It does not raise any pretrial suppression issues.

### E. Officer Dickerson

Roberts requests Officer Dickerson's presence at the suppression hearing due to Officer Dickerson's involvement in the proffer interview and purported participation in a "detail" attempting to arrange another controlled buy with Roberts on the date of Roberts' arrest. (Doc. 159, at 4). As discussed above, the court will subpoena Special Agent Cooke to testify regarding the voluntariness of Roberts' participation in the proffer interview. The court finds it unnecessary, however, to also subpoena Officer Dickerson to testify regarding the interview. As for the "detail" attempt, the court fails to see how testimony concerning this purported attempt at a second controlled buy helps establish a violation of Roberts Fourth or Fifth Amendment rights. The request is denied.

### F. Requested Documents and Notes

In addition to witnesses, Roberts also requests that the court subpoena various documents and notes prepared by individuals involved in the investigation and arrest. (Doc. 140, at 3-4). With respect to Officer Chortanoff, Roberts requests that the court subpoena the police cruiser dashboard footage from the arrest on September 2, 2010, the incident investigation report, "Barry notes" and police notes from the date of arrest. (Doc. 143, at 3). Roberts also seeks the "Barry notes" and police notes and reports of Detective Paul, Special Agent Kierzowski, Officer Flyth,

Officer Turchetta and Officer Dickerson related to his arrest. (Id.) He requests the notes of Officer Dickerson and Special Agent Cooke from the proffer interview and any notes used by Special Agent Cooke when testifying before the grand jury. (Id.) Finally, Roberts requests any and all approval forms or affidavits relating to the authorization of electronic surveillance of Roberts. (Id. at 4).

It appears that Roberts already possesses some of the documents he requests, such as the incident report of the arrest and reports regarding the July 19, 2010 controlled buy. (See Doc. 159, at 9-18). With respect to the request for "Barry notes" and police notes, to the extent they exist, Roberts has failed to explain, and it is unclear to the court, how they will establish a violation of his Fourth or Fifth Amendment rights.[1] The request is denied. The only evidence the court finds relevant and potentially necessary, is the police cruiser video of the arrest, if the video actually exists. The court will grant the request to subpoena the video, but denies all other requests for the subpoena of documents, notes and evidence.

### G. Prior Counsel Robert J. Daniels, Esquire

Roberts did not request that the court subpoena his prior attorney Robert J. Daniels, Esquire ("Attorney Daniels") for the suppression hearing, however Roberts claims that he was coerced into the proffer agreement and interview. At the time of

---

[1] Moreover, the court construes the request for "Barry notes" as a request for Brady materials. The government is not required to provide Brady materials immediately upon the defendant's request, and typically provides the defendant with Brady materials the Friday before jury selection. (See Doc. 161, at 2). Roberts is not entitled to the materials before that time.

6

the proffer interview, Attorney Daniels represented Roberts. In order for the court to determine whether Roberts entered the proffer agreement knowingly and voluntarily, it is necessary to receive testimony from Attorney Daniels on the matter. The court will therefore the attendance of Daniels for the suppression hearing.

### III. Conclusion

The court will grant Roberts request to subpoena Special Agent Cooke, Detective Paul and Officer Chortanoff's police cruiser dashboard video of the arrest, if it exists. The court will also order Attorney Robert J. Daniels, Esquire to testify as to the proffer agreement. The court denies the subpoena requests in all other respects. Roberts has not established the necessity of the other witnesses or evidence to his suppression motion. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     October 19, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-247** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALLEN ROBERTS, JR.** | : | |

## ORDER

AND NOW, this 19th day of October, 2011, upon consideration of the motion to subpoena witnesses and documents (Doc. 140), the ex parte application for issuance of witness, documents, evidence and surveillance (Doc. 158), and the motion of description of testimony and its relevance to the suppression matter (Doc. 159), filed by *pro se* defendant Allen Roberts, Jr. ("Roberts"), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motions (Docs. 140, 159) and application (Doc. 158) are GRANTED in part, and DENIED in part as follows:

    a. The motions and application are GRANTED to the extent they request that the court subpoena Special Agent William Cooke, Detective Jason Paul, and the police cruiser dashboard video of the September 2, 2010 arrest.

    b. The motions and application are DENIED in all other respects.

2. The court will issue an order compelling the attendance of Robert J. Daniels, Esquire at the November 4, 2011 suppression hearing.

3. Separate orders will issue directing the service of the subpoenas by the U.S. Marshals.

                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge